IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FILED
July 19, 2005

CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| NAZIR NOORUDDIN CHARANIA, and MUNIRA CHARANIA, and MONISHA CHARANIA, and ALI CHARANIA,<br><br>*Petitioners*,<br><br>vs.<br><br>EVELYN UPCHURCH, in her official capacity as Director of the BCIS, and ANGELA K. BARROWS, in her official capacity as the Dallas District Director for BCIS, and TOM RIDGE, in his official capacity as the Secretary of Homeland Security, and JOHN ASHCROFT, in his official capacity as Attorney General of the United States,<br><br>*Respondents*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO. 3:04-CV-1262-R |

## MEMORANDUM OPINION AND ORDER

Now before the Court is Respondents' **Motion to Transfer Petition for Habeas Corpus to the Circuit Court of Appeals** (filed June 15, 2005). This action is a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 by Nazir Nooruddin Charania, A73 577 729, and family members, who are subject to an order of deportation. Pursuant to the Real ID Act of 2005, this case is transferred to the United States Court of Appeals for the Fifth Circuit, and a stay of removal is granted pending review by that court.

## I. BACKGROUND

On April 6, 1999, an immigration judge (IJ) in Dallas denied Petitioner's application for

asylum and withholding of removal.  *See* Answer filed August 17, 2004, Ex. 3, p. 29.   The Board of Immigration Appeals (BIA) affirmed the IJ's decision and dismissed the appeal on August 6, 2002.  *See* Answer filed August 17, 2004, Ex. 4, p. 30.  The instant petition of review followed.  Petitioners request that this Court stay the deportation of all members of the Charania family and direct Respondents to re-open proceedings before the BIA in light of Petitioners' claims of due process and ineffective assistance of counsel.

## II.  ANALYSIS

On May 11, 2005, the Real ID Act of 2005 (the "Act") was enacted as part of the Emergency Supplemental Appropriations Act for Defense, The Global War on Terror, and Tsunami Relief, 2005.  P.L. 109-13, 2005 HR 1268.  Section 106 of the Act amended 8 U.S.C. § 1252(a) by adding the following:

> (5)  EXCLUSIVE MEANS OF REVIEW. --Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e).  For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5).

Section 106 of the Act also provides:

> ©  TRANSFER OF CASES. -- If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final

> administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note).  The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under section 242, except that subsection (b)(1) of such section shall not apply.

P.L. 109-13, Division B, § 106©.  Upon transfer, the habeas corpus petition is treated as if it has been originally filed as a petition for review.

Petitioners' habeas corpus petition filed under § 2241 challenges an order of removal and, accordingly, must be transferred to the Fifth Circuit Court of Appeals.

### III.  CONCLUSION

For the reasons stated above, the Court finds the Real ID Act, Pub. L. No. 109-13 § 106, 119 Stat. 231 (2005), divested this Court of jurisdiction over Petitioner's habeas suit as of May 11, 2005.  Accordingly, the instant petition for a writ of habeas corpus is **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.  It is further ordered that a removal of Petitioners is **STAYED** until further order from the United States Court of Appeals for the Fifth Circuit.

**It is so ORDERED.**
**Signed: July 19, 2005.**

*[signature: Jerry Buchmeyer]*

_____
**JERRY BUCHMEYER**
**SENIOR U.S. DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**